68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jon SCOTT, Plaintiff-Appellant,
v.
JOHN COLEMAN HAYES CONSTRUCTION; John Coleman Hayes; Mike
Smith; Robert S. Biscan & Company; Jim Coleman;
Donald L. Sechser; James Garrett,
Defendants-Appellees.
 No. 95-5141.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1995.
 
 1
 Before: KENNEDY and MOORE, Circuit Judges; and POTTER, District Judge.*
 
 ORDER
 
 2
 Jon Scott, a pro se Tennessee citizen, appeals a district court order dismissing his civil rights action filed under Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e et seq.), and 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Seeking compensatory and punitive damages and injunctive relief, Scott filed this action pursuant to Title VII alleging that he was discharged from his job as a painter on the Residential Sound Insulation Program of the Metropolitan Nashville Airport Authority because of his race. Scott sued John Coleman Hayes Construction Company, John Coleman Hayes, Mike Smith, Robert S. Biscan & Company, Jim Coleman, Donald L. Sechser, and James Garrett. Sechser and Garrett are employees of the Metropolitan Government of Nashville, and on December 27, 1993, the district court entered an order dismissing Scott's claim against Sechser and Garrett.
 
 
 4
 On August 9, 1994, Scott filed a motion that his Title VII claim be withdrawn, and that he desired to proceed on the claims stated in an amended complaint filed June 23, 1994. This motion was granted and Scott's claims against the defendants pursuant to Title VII were dismissed on August 29, 1994.
 
 
 5
 Scott's amended complaint, filed June 23, 1994, stated a claim based on Sec. 1983 for violation of his civil rights by the same defendants. Specifically, Scott alleged that the action of the defendants in discharging him from his contract as a painter violated his constitutional rights apparently under the Equal Protection Clause of the Fourteenth Amendment.
 
 
 6
 The defendants filed motions to dismiss the complaint as barred by the applicable statute of limitations, and because the defendants did not act under color of state law. The matter was referred to a magistrate judge who issued a report recommending that the complaint be dismissed as time-barred.
 
 
 7
 In an order entered October 19, 1994, the district court adopted the report and recommendation as the opinion of the court and dismissed the case with prejudice with regard to all defendants. Reconsideration was denied on November 14, 1994. This appeal followed.
 
 
 8
 Upon review, we conclude that the district court properly dismissed Scott's complaint as Scott undoubtedly can prove no set of facts which would entitle him to relief because his complaint was untimely. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994).
 
 
 9
 The limitations period for filing a civil rights complaint under 42 U.S.C. Sec. 1983 is determined by looking at the most analogous personal injury statute of limitations of the state in which the complaint was filed. See Wilson v. Garcia, 471 U.S. 261, 276 (1985). The most analogous Tennessee statute is that found at Tenn. Code Ann. Sec. 28-3-104(a), which provides a one-year limitations period. See Jackson v. Richards Medical Co., 961 F.2d 575, 578 (6th Cir. 1992).
 
 
 10
 In this case, Scott knew of the event which is the basis of his action as of October 2, 1991, the date he received notification of his termination on his subcontract with Robert S. Biscan & Company. Scott, however, did not file his action under Sec. 1983 until August 1993 (based on the assumption that the amended complaint, containing the Sec. 1983 claim, can be referred back pursuant to Fed. R. Civ. P. 15 to the date of the original complaint, i.e., August 26, 1993). Scott's grounds for tolling the statute of limitations are unavailing. Consequently, the complaint is time-barred.
 
 
 11
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John W. Potter, United States District Judge for the Northern District of Ohio, sitting by designation